## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ELSTON BROCKS, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | |
| **PRIME PROPERTY & CASUALTY INSURANCE COMPANY, INC., ET AL.** | **NO. 22-903-BAJ-RLB** |

### <u>ORDER</u>

Before the Court is Defendants' Motion to Compel Responses to Discovery filed on April 14, 2023. (R. Doc. 11). The deadline to file an opposition has expired. LR 7(f). Accordingly, the motion is unopposed.

**I.      Background**

On or about September 28, 2022, Elston Brocks, Margaret Brocks, Mary Brocks, and Ricardo Brocks (collectively, "Plaintiffs") initiated this personal injury action involving a motor vehicle collision in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana, naming as defendants Prime Property & Casualty Insurance, Inc., Verda Express, Inc., and Ismail Turkmen (collectively, "Defendants"). (R. Doc. 1-1). Defendants removed the action on November 18, 2022, asserting that an exercise of diversity jurisdiction under 28 U.S.C. § 1332 is proper. (R. Doc. 1).

On December 2, 2022, Defendants served separate interrogatories and requests for production (including records release forms pertaining to medical, employment, and financial information) on Elston Brocks (R. Doc. 11-2 at 1-47), Margaret Brocks (R. Doc. 11-2 at 48-94), Ricardo Brocks (R. Doc. 11-2 at 95-141), and Mary Brocks (R. Doc. 11-2 at 142-188). Plaintiffs had 30 days to respond to the written discovery requests after they were served. Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A). Plaintiff did not timely respond.

In a joint filing submitted by the parties on February 2, 2023, Plaintiffs represented that they were in the process of "drafting responses to Defendants' written discovery requests" and anticipated "providing those responses to Defendants in the near future." (R. Doc. 9 at 4). Defendants now represent that counsel held a telephone conference on March 2, 2023 to "discuss the failure to respond to written discovery propounded on December 2, 2022." (R. Doc. 11-3 at 1). While it appears that the parties agreed to an extension of Plaintiffs' deadline to respond to March 10, 2023, Plaintiffs had not provided responses by the April 4, 2023 filing of the instant Motion to Compel. (R. Doc. 11-3 at 1).

In the instant motion, Defendants seek an order "compelling plaintiffs to answer the discovery propounded upon them." (R. Doc. 11-1 at 1). Plaintiffs did not file an opposition explaining their failure to provide any responses or objections to the written discovery.

**II.   Law and Analysis**

    **A.   General Legal Standards for Discovery**

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample

opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

A party must respond or object to an interrogatory or request for production within 30 days after service of the discovery. *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). This default date may be modified by stipulation between the parties. Fed. R. Civ. P. 29(b). If a party fails to respond fully to discovery requests made pursuant to Rule 34 in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel responses and for appropriate sanctions under Rule 37. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

**B.     Analysis**

There is no dispute that Plaintiffs failed to respond to the discovery requests at issue within the times allowed by the Federal Rules of Civil Procedure or otherwise agreed upon by the parties. Accordingly, the Court will grant the Motion to Compel.

As Plaintiffs did not make any timely objections to Defendants' written discovery requests, the Court finds that Plaintiffs have waived their objections to the written discovery requests, with the exception of those pertaining to any applicable privileges or immunities. *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to

interrogatories, production requests, or other discovery efforts, objections thereto are waived."); *B&S Equip. Co. v. Truckle Servs., Inc.*, No. 09-3862, 2011 WL 2637289, at *6 (E.D. La. July 6, 2011) (finding waiver of all objections to "discovery requests based on relevance, unduly burdensome, over broad, or any other objection not grounded on the attorney client or the work product privilege."). Here, Plaintiffs did not submit written responses or objections to Defendants' discovery requests within 30 days after they were served or within the extension of time agreed upon by the parties. Accordingly, Plaintiffs have waived all objections to the written discovery requests other than those based on any applicable privilege or immunities.

      To be clear, the Court has previously declined to compel a party, over an objection, to sign an authorization to release confidential medical information when the material covered by such a waiver was irrelevant and privileged and thus outside of the scope of discovery. *Butler v. La. Dep't. of Pub. Safety and Corrs.*, No. 12-420, 2013 WL 2407567, at *9 (M.D. La. May 29, 2013). The Court recognizes, however, that the Fifth Circuit has suggested in dicta, that Rule 34 may be an appropriate mechanism by which to require a party to sign an authorization release. *See McKnight v. Blanchard,* 667 F.2d 477, 481-82 (5th Cir. 1982); *see also Zamora v. GC Servs., LP*, No. 15-00048, 2016 WL 8853096, at *4 (W.D. Tex. Aug. 19, 2016) ("Recognizing a split in authority as to whether a party may be compelled to sign an authorization for the release of records through a discovery request under Rule 34, the majority of courts have concluded that a party may be so compelled.") (citing cases).

      Here, Plaintiffs have been provided an opportunity (1) to provide written objections to signing the releases and (2) to file an opposition to the instant Motion to Compel. Accordingly, the Court will require Plaintiffs to execute the releases as sought by the respective requests for production. Plaintiffs may seek entry of a protective order governing the exchange of any

confidential information sought by the written discovery, including from third-parties through the execution of the releases.

The Court will also award Defendants reasonable expenses incurred in bringing the instant Motion to Compel. Rule 37 provides the following:

> **(A)** *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
>> **(i)** the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>>
>> **(ii)** the opposing party's nondisclosure, response, or objection was substantially justified; or
>>
>> **(iii)** other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). Plaintiffs have not provided any arguments in support of a finding that the Defendants did not attempt in good faith to obtain the discovery at issue or any circumstances that would make an award of expenses unjust. Accordingly, the Court will award reasonable expenses pursuant to Rule 37(a)(5)(A).

### III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Defendants' Motion to Compel Responses to Discovery. (R. Doc. 11) is **GRANTED**. Plaintiffs shall provide complete responses to the interrogatories and requests for production at issue (*See* R. Doc. 11-2), without objections other than those pertaining to any applicable privileges or immunities, within **7 days** of the date of this Order.

**IT IS FURTHER ORDERED** that Defendants are entitled to an award of the reasonable attorney's fees and costs incurred in bringing their Motion to Compel, and that Plaintiffs and

Plaintiffs' counsel shall be responsible for such payment. In connection with these awards, the parties are to do the following:

(1) If the parties are able to resolve this among themselves or otherwise agree to a reasonable amount of attorney's fees and costs,[1] Plaintiffs and/or counsel shall pay that amount;

(2) If the parties do <u>not</u> agree to a resolution, Defendants may, within **14 days** of the docketing of this Order, file a Motion for Fees and Costs pursuant to Rule 37, setting forth the reasonable amount of costs and attorney's fees (including evidentiary support) incurred in obtaining this Order; and

(3) Plaintiffs shall, within **7 days** of the filing of Defendants' Motion for Fees and Costs, file any opposition pertaining to the imposition of the amounts requested by Defendants.

Signed in Baton Rouge, Louisiana, on April 26, 2023.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] This Court has previously found that a relatively modest award was reasonable under similar circumstances and that a reasonable award under Rule 37 may be less than the actual fees incurred.